Ralph A. ROLLINS, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–1768.

Court of Appeals of Alaska.

June 24, 1988.

---

Linda Wilson, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

---

## OPINION

BRYNER, Chief Judge.

Ralph A. Rollins, Jr., was charged in a three-count indictment with assault in the fourth degree (Count I), assault in the third degree (Count II), and misconduct involving weapons in the first degree (Count III). The jury acquitted Rollins on Counts I and III, but found him guilty of the lesser-included offense of assault in the fourth degree on Count II. On appeal, Rollins argues that Superior Court Judge S.J. Buckalew, Jr., abused his discretion in instructing the jury on the lesser-included offense of assault in the fourth degree on Count II. Rollins also argues that the court erred in denying his proposed jury instruction on self-defense. We reverse.

Count II charged Rollins with assault in the third degree for recklessly placing Anchorage Police Officer Raye G. Hecker in fear of imminent serious physical injury by means of a dangerous instrument. AS 11.-41.220(a)(1). Defense counsel initially submitted a proposed instruction on the lesser-included offense of assault in the fourth degree for Count II, but then withdrew it. The state did not oppose defense counsel's withdrawal of the proposed instruction or request the trial court to instruct the jury on the lesser-included offense. The packet of instructions approved by the court prior to the parties' final arguments did not include the lesser-included offense instructions. The approved packet was read to the jury following final arguments.

After deliberating for several hours, the jury sent a written question to Judge Buckalew, stating:

We the jury would like to know if the wording can be changed ... to exclude *serious* (Count II) 3° to a 4° misdemeanor.

(Emphasis in original.) Judge Buckalew responded by supplementally instructing the jury on assault in the fourth degree as a lesser-included offense. Rollins objected. The jury eventually returned a verdict on Count II, acquitting Rollins of third-degree assault, but convicting him of assault in the fourth degree. Rollins contends that, in making his closing argument to the jury, he reasonably and detrimentally relied on the trial court's willingness to omit the lesser-included offense from the instructions initially given to the jury. Rollins' argument is persuasive.

Alaska Criminal Rule 30(a) provides that proposed instructions should be requested and ruled on prior to closing argument. In making his closing argument, Rollins' counsel could reasonably rely on this rule to conclude that the jury would not be allowed to consider the lesser-included offense of assault in the fourth degree. In his final argument to the jury, Rollins' counsel focused on the lack of evidence to support a finding that the victim was placed in fear of serious physical injury, all but conceding that an assault involving fear of non-serious physical injury had occurred:

At the very most, all [Officer Hecker] could have reasonably feared at that point would have been that if the thing went off he could suffer physical injury. Serious physical injury. [The prosecutor] read you the definition. You'll get a pile of definitions, but serious physical injury is something that keeps you out of circulation longer ... At the time, all he could have reasonably feared was physical injury.

The state contends that, because fourth-degree assault is a lesser-included offense of third-degree assault, Rollins should have expected that the jury might be instructed on the offense even after the court's original instructions excluded reference to the charge. The state also argues that the ABA Standards for Criminal Justice, which govern the appropriate disposition of jury requests for additional instructions, required Judge Buckalew to answer the jury's question by instructing them on fourth-degree assault.

The state's arguments are without merit. The state never objected to Rollins' withdrawal of the proposed lesser-included offense instruction. The instructions that were given to the jury, which were approved prior to final argument in accordance with Criminal Rule 30(a), omitted reference to the lesser-included offense. Under the circumstances, Rollins was entitled

to make his jury argument on the assumption that the lesser-included offense would not be submitted to the jury. Nothing in the ABA Standards compels a contrary conclusion. The ABA Standards do require the trial court to "give additional appropriate instructions in response to the jury's request...." III *Standards for Criminal Justice* 15–4.3 (2d ed. 1980). Yet there would have been nothing inaccurate or legally incorrect in responding to the jury's inquiry by an instruction stating that the jury was not entitled to consider the issue of a lesser-included offense and that it was bound to decide the case solely on the charges originally submitted. We conclude that the trial court erred in instructing the jury on fourth-degree assault for the first time during jury deliberations.

Rollins' conviction is REVERSED.[1]

---

1. Rollins also argues that the trial court erred in denying his proposed jury instructions on self-defense. Rollins' argument involves an interpretation of the statutes governing justification. AS 11.81.330, AS 11.81.370, and AS 11.81.400. Our recent decision in *Carson v. State*, 736 P.2d 356 (Alaska App.1987), interprets these statutes and addresses many of the concerns discussed by the parties on appeal. Because *Carson* will be available to the parties and the trial court for guidance in the event of a retrial, and because there is a possibility that this issue may not recur in any event, we need not decide it now.