UNITED STATES of America, Appellee,

v.

**Roger WELBECK, Defendant–Appellant.**

**Docket No. 97–1304.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 8, 1997.

Decided May 15, 1998.

---

494

Joseph I. Stone, New York City (Scott T. Horn, New York City, of counsel), for Defendant–Appellant.

Jennifer L. Borum, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, New York City, Craig A. Stewart, Assistant United States Attorney, of counsel), for Appellee.

Before: LEVAL and CABRANES, Circuit Judges, and MURTHA, Chief District Judge.*

LEVAL, Circuit Judge:

Roger Welbeck appeals from a judgment entered in the United States District Court for the Southern District of New York convicting him, following a jury trial before Denise L. Cote, *Judge,* of possession of crack cocaine under 21 U.S.C. § 844. He was sentenced in principal part to 121 months imprisonment. On appeal, Welbeck raises numerous objections to his conviction and sentence. We affirm.

## Background

On July 23, 1996, while conducting surveillance in the main concourse of Pennsylvania Station, Amtrak police officers John Jay Cody and Stephen Steinecke observed Welbeck and an unidentified man acting suspi-

ciously in the ticket purchase area. Welbeck was carrying a blue plastic bag marked "Gap". He and the unidentified man appeared to make eye contact and trade gestures but did not approach one another or converse. *Id.* The unidentified man motioned toward the police officers, apparently alerting Welbeck to their presence. Welbeck evinced surprise to see the officers, and thereafter walked to various parts of the concourse, repeatedly looking in the direction of the officers.

The officers continued their surveillance of Welbeck as he and the unidentified man boarded a train bound for Harrisburg, Pennsylvania. Welbeck placed the Gap bag underneath a seat in the coach, then seated himself in the row behind it. The officers approached Welbeck, identified themselves as police and asked Welbeck if they could speak with him. When asked if he was travelling with anyone, Welbeck looked back toward the seat occupied by the unidentified man, then replied, "No". Officer Cody next asked whether he was carrying any bags, to which Welbeck also said, "No". Officer Cody then retrieved the Gap bag from underneath the nearby seat, and asked Welbeck whether it was his, to which Welbeck again answered, "No". The officer then held the bag above his head and, in a loud voice, asked if it belonged to anyone in the coach. No one claimed it. Officer Cody asked Welbeck again if the bag was his, and Welbeck again said, "No". Cody then reached into the bag and withdrew a small plastic bag containing crack cocaine. Welbeck was arrested and eventually indicted in a single count for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a).

After a two-day trial, the court charged the jury, instructing on the elements of possession of a controlled substance with intent to distribute. Neither side requested that the jury be charged on simple possession as a lesser included offense. During the deliberations, the jury sent a note to the judge, asking, "Can a lesser charge be just posses-

---

* The Honorable J. Garvan Murtha, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

sion?". The jury then recessed for the day. The next morning, before receiving a response to its first inquiry, the jury sent another note: "We are stuck on 'distribution.' Is there a lesser charge?"

The court discussed the matter with counsel and determined that possession of a controlled substance in violation of 21 U.S.C. § 844 qualified as a lesser included offense to the offense charged. The government argued in support of instructing the jury on the lesser included offense; the defendant opposed. Over the defendant's objection, the court charged the jurors that they may convict Welbeck of possession if they are unable to reach a verdict on possession with intent to distribute. Within fifteen minutes, the jury returned, reporting deadlock on possession with intent to distribute and a guilty verdict on simple possession. The court sentenced Welbeck in principal part to 121 months imprisonment, the minimum term available under the applicable Sentencing Guideline, rejecting the Probation Department's recommendation to depart downward.

### Discussion

The principal issue on appeal is whether it was error to submit the lesser included offense to the jury in these circumstances. Welbeck raises two objections.

■ Welbeck first contends that the submission of the supplemental lesser included offense charge after summation violated Rule 30 of the Federal Rules of Criminal Procedure. The contention is without merit. Rule 30 requires the district court to "inform counsel of its proposed action upon the requests [to charge] prior to their arguments to the jury." The judge complied with the Rule's command. She ruled on the requests to charge prior to the summations. The charge on the lesser included offense was not the subject of any request to charge. Accordingly, Rule 30 does not address it.

■ Rule 30 does not require the court to proffer to counsel the entirety of its

charge, or bar the court from charging except as disclosed at the conference. It requires only that the court rule on the requests, and there was no request that related in any way to a lesser included offense. Furthermore the rule could not reasonably be interpreted to limit the court's response to unexpected jury questions or issues not raised in either the requests to charge or the discussion at the conference. Such an interpretation would prevent the court from answering unexpected jurors' questions.

■ Correctly noting that Rule 30 is designed to allow the parties "to frame their closing remarks to accord with the court's subsequent legal instructions," *United States v. James*, 998 F.2d 74, 79 (2d Cir.1993), Welbeck contends that giving the supplemental charge without having warned him at the charge conference unfairly deprived him the opportunity to argue to the jury with respect to the charge of simple possession. To this contention, it suffices to answer that the defendant did not ask the court to reopen summations to permit argument on the newly presented simple possession charge. Had such a request been made in these circumstances, it would have been altogether reasonable. In all likelihood the request would have been granted. But because Welbeck made no such request, he cannot complain that the opportunity was denied.

■ Welbeck's more colorable contention is that it was error for the district court to submit the lesser included offense to the deliberating jury without notice to Welbeck prior to summation or his consent.[1] We have found no federal court opinions on the question.

Several state courts have addressed the issue. The weight of state authority holds that "it would not be appropriate to adopt a *per se* rule which would declare the belated giving of any [lesser included offense] instruction to be prejudicial error." *State v. Amos*, 553 S.W.2d 700, 705 (Mo.1977) (en

---

1. Although Welbeck casts this argument in terms of an alleged due process violation, it more sensibly reads as an invitation for us to exercise our supervisory power to preclude post-summation submission of lesser-included offense instruc-

tions. *Cf. United States v. Ming He*, 94 F.3d 782, 792 (2d Cir.1996)(invoking court's supervisory authority with respect to cooperating defendant's right to counsel).

banc) (citations omitted). The permissibility of such instructions instead depends on the facts and circumstances of each trial.[2]

While some reported state decisions regarding the propriety of lesser included offense instructions given during deliberations have affirmed the conviction, see *Miller*, 392 S.E.2d at 337; *Cheely v. State*, 850 P.2d 653, 662–63 (Alaska Ct.App.1993), most have reversed—not on the basis of a *per se* rule but rather on a finding of particular harm to the defendant arising from the circumstances.

In many of these reversals, the theory of lesser-included liability was suggested to a stalled jury on the court's own initiative. *See e.g., State v. Jones*, 214 N.J.Super. 68, 518 A.2d 496, 499 (1986) (charging a deadlocked jury with "theretofore uncharged lesser-included offense is unduly and unfairly coercive"); *Amos*, 553 S.W.2d at 704–05; *People v. Jennings*, 22 Cal.App.3d 945, 949, 99 Cal. Rptr. 739 (1972) (reversing conviction on lesser included offense charged *sua sponte* after twenty-four hours of deliberations); *Rush v. State*, 239 Ark. 878, 395 S.W.2d 3, 7–9 (1965) (same, after twenty-eight hours of deliberations). The principal concern in such circumstances was that the stalled jury may regard the newly furnished theory of liability as the court's recommendation to resolve the impasse by agreeing to the lesser offense. That concern is not present where, as here, it was the jury that raised the question of a lesser included offense in a note to the court.

Lesser-included convictions have also been reversed where the defendant has somehow been harmed by his reasonable expectation that he faces exposure to liability only for the greater offense charged. This may occur where the supplemental instruction deprives the defendant of the opportunity to address effectively in summation the offense on which he is ultimately convicted. *See Rollins v. State*, 757 P.2d 601, 602–03 (Alaska Ct.App. 1988). An example of prejudicial harm occurs where the defendant makes strategic concessions in summation which are damaging in relation to the later charged lesser included offense. *See id.; Cheely*, 850 P.2d at 662–63 (rejecting appeal for lack of detrimental reliance on agreed-upon charge).[3] In contrast, where the detriment to the defendant consists simply of his or her failure to offer argument regarding the supplemental lesser-included charge, the defect may be cured by supplemental summation.

■ Considered in the aggregate, the relevant state decisions suggest that while the delivery of a lesser included offense charge to a deliberating jury is dangerous and will often cause reversible error, it is not *per se* illegal and will not justify reversal if the circumstances do not give rise to unfair prejudice. We think this rule is sound and we adopt it. We will carefully scrutinize a conviction of a lesser-included offense first charged to a deliberating jury without notice to the defendant prior to summation. We decline, however, to rule that such lesser included offense instructions may never be offered once deliberations have commenced.

Applying this rule to the instant case, we find no error. The initiative for the supplemental instruction came from the jury itself, precluding the possibility that the timing of the charge was unfairly suggestive on the court's part. Nor is there any indication that Welbeck was unfairly prejudiced by the late instruction.

Under these circumstances, only a *per se* rule against instructing a deliberating jury on a lesser-included offense could undermine

---

2. Only two state decisions (going in opposite directions), both of intermediate appellate courts, have laid down rigid rules governing the propriety of giving lesser included offense instructions to a deliberating jury. *Compare People v. Gramc*, 271 Ill.App.3d 282, 207 Ill.Dec. 559, 647 N.E.2d 1052, 1056, (Ill.App.1995) ("[O]nce a jury retires to deliberate, the court should not submit new charges and new theories to the jury . . . .") *with Miller v. State*, 195 Ga.App. 89, 392 S.E.2d 334, 336 (1990) (affirming trial court's "perfect right" to provide, *sua sponte*, supplemental lesser included offense charge to deliberating jury)(quot-

ing *Turner v. State*, 178 Ga.App. 888, 345 S.E.2d 99, 102 (1986)).

3. More concretely, for example, a defendant who relies on the court's charge on only possession of drugs with intent to distribute might concede possession in summation and contest only the intent to distribute. Such a defendant would have a strong claim of prejudice if the jury were later charged on a lesser-included charge of simple possession.

Welbeck's conviction. While we emphasize that such instructions are disfavored, we will not upset a conviction absent some indication of prejudice in consequence of the late charge. There was no unfair prejudice here, and therefore no error.

■ Welbeck raises several additional objections to his conviction and sentence. First, Welbeck contests the admissibility of evidence found in the Gap shopping bag. He argues that because Officers Cody and Steinecke lacked both a warrant and the "reasonable suspicion" necessary to allow limited investigation absent probable cause to make an arrest, *see United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989), the search of the Gap bag was illegal. The district court found that the suspicious conduct of Welbeck and the unidentified man provided the officers with adequate grounds to justify limited further inquiry.

We find no fault with the judge's determination that the officers had reasonable suspicion. Taken together, and construed in the light most favorable to the government, *see United States v. Peterson*, 100 F.3d 7, 11 (2d Cir.1996), Welbeck's furtive communication with the unidentified man, his evident alarm and evasive behavior after the unidentified man alerted him to the police presence, and the placing of the bag under an empty seat on the coach easily justified limited further inquiry.

■ Moreover, Welbeck repeatedly and expressly disclaimed any possessory interest in the Gap bag. A warrantless seizure of abandoned property does not offend the Fourth Amendment. *See United States v. Springer*, 946 F.2d 1012, 1017 (2d Cir.1991). Welbeck cannot be heard to complain that the officers violated his privacy interest in a bag he denied was his.

■ Welbeck next argues that he received constitutionally deficient representation because his trial counsel failed to ask Officer Cody at trial whether he had lied in prior, unrelated matters in which district judges had found Cody's testimony incredible. Before trial, the government notified Welbeck that in two unrelated suppression hearings, district court judges had disbelieved Cody's

testimony that suspects had consented to searches. The district court limited Welbeck's ability to use these findings to impeach Officer Cody, ruling that counsel could inquire only "in a limited way, simply as to whether or not ... [Cody] has lied." If Welbeck chose to inquire whether Officer Cody had lied on those prior occasions, he would "be left with the witness's answer, whatever it is, and will not be allowed to inquire in any way that would put before the jury that another judge has found the witness to have lied."

■ We review counsel's performance with a "strong presumption" that it "falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065 (1984). Welbeck has presented no evidence to counter this presumption. Because the district court excluded extrinsic evidence of the judges' findings of falsity, defense counsel would have been unable to impeach Cody if he denied prior false testimony. Counsel's decision not to ask Cody whether he had lied in prior proceedings was reasonable strategy.

■ Finally, Welbeck argues that the district court erred by failing to follow the Probation Department's recommendation to depart downward from the applicable sentencing guideline. Welbeck objects that because he would have been subject to the same sentence he received had he been convicted of the "greater charge" of distribution, he is entitled to a lesser penalty for conviction of the lesser possession charge.

■ Welbeck's claim is without merit. That Welbeck might have received the same penalty had he been convicted of distribution is irrelevant to our review of his sentence. Possession of crack cocaine is a lesser included offense of distribution in the sense that all of the elements necessary to a conviction for possession are also necessary to a conviction for distribution, not in the sense that it must be penalized more lightly. In any event, the Probation Department's Report is "only a recommendation" and does not bind the district court. *United States v. Rivera*, 96 F.3d 41, 43 (2d Cir.1996). A district judge's decision not to depart is appealable only where

the court misapplied the guidelines, misapprehended its authority, or imposed an illegal sentence. *See United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (citation and internal quotation marks omitted). Because Welbeck provides no reason to believe that any of these conditions have been met, the claim is dismissed.

### Conclusion

The judgment of the district court is affirmed. Welbeck's claim under the sentencing guidelines is dismissed.