Leon E. JAMES, Petitioner,

v.

Carol HOWES, Respondent.

No. 00–CV–40271–FL.

United States District Court,
E.D. Michigan,
Southern Division.

March 14, 2001.

Leon James, Florence Crane Correctional Facility, Coldwater, MI, petitioner pro se.

Laura G. Moody, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

### I. *Introduction*

This matter is before the Court on petitioner Leon E. James' *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner is an inmate at the Florence Crane Correctional Facility in Coldwater, Michigan. In 1996, he was charged in Wayne County, Michigan with two counts of criminal sexual conduct ("CSC") in the first degree.

The prosecutor's theory at the subsequent trial was that Petitioner was guilty as charged because he injured the complainant during sexual penetration and used force or coercion to accomplish the sexual acts. Petitioner's defense was that he offered crack cocaine to the complainant in return for sex and that the sex was consensual.

On September 10, 1997, a Recorder's Court jury in Detroit convicted Petitioner of one count of third-degree CSC involving the use of force or coercion. *See* Mich. Comp.Laws Ann. § 750.520d(1)(b). The trial court sentenced Petitioner to a term of four to fifteen years in prison for the crime.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished *per curiam* opinion. *See People v. James,* No. 208800 (Mich.Ct.App. Dec. 21, 1999). The Michigan Supreme Court denied leave to appeal. *See People v. James,* No. 116160 (Mich.Sup.Ct. June 26, 2000).

On August 24, 2000, Petitioner filed his application for the writ of habeas corpus. His only claim of error is that the trial court did not conduct a conference on the jury instructions until after the attorneys made their closing arguments. Petitioner alleges that his attorney was unaware of the trial court's intent to instruct the jury on the lesser-included offense of third-degree CSC when she made her closing argument. Consequently, argues Petitioner, he was deprived of his right to defend himself in a closing argument tailored to the jury instruction on third-degree CSC. Petitioner further contends that the trial court's procedural error deprived him of his right to notice of, and an opportunity to be heard on, the charge of third-degree CSC.

Respondent urges the Court to dismiss the habeas petition on the ground that Petitioner's claim is meritless, unexhausted, and noncognizable. The Court has concluded that Petitioner exhausted state remedies for his claim, 28 U.S.C. § 2254(b)(1)(A), and that the petition must be denied on the merits even if he failed to raise all his constitutional arguments in state court. 28 U.S.C. § 2254(b)(2).

## II. *Discussion*

### A. *Standard of Review*

Federal courts may grant the writ of habeas corpus only if the state court's adjudication of the petitioner's claim on the merits—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

Under the 'contrary to' clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objec-

tively unreasonable." *Id.* at 409, 120 S.Ct. 1495.

### B. *Analysis*

The sole claim in this case concerns Michigan Court Rule 6.414(F), which states in relevant part that a trial court "must inform the parties of its proposed action on the requests [for jury instructions] before their closing arguments." Petitioner contends that the trial court violated Rule 6.414(F) by not discussing the jury instructions with the attorneys before their closing arguments.

■ Although the Michigan Court of Appeals agreed that the trial court erred, a violation of state law is not a basis for habeas relief. *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir.2000) (citing *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)). A federal habeas court may grant the writ only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a).

■ Furthermore, Petitioner has not demonstrated that the state court's decision was contrary to, or an unreasonable application of, Supreme Court precedent. The Supreme Court has held that defendants in criminal cases possess a constitutional right to make a closing argument. *See Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). However, noncompliance with a rule like M.C.R. 6.414(F) does not automatically require reversal. *See Hamling v. United States,* 418 U.S. 87, 134–35, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (construing Fed.R.Crim.P. 30).[1]

---

1. Federal Rule of Criminal Procedure 30 "is the federal counterpart of MCR 6.414." *People v. Clark,* 453 Mich. 572, 591 n. 16, 556 N.W.2d 820 (1996). It states, among other things, that "[t]he court shall inform counsel of its proposed action upon the requests [for jury instructions] prior to their arguments to

the jury." The object of this provision "is to require the judge to inform the trial lawyers in a fair way what the charge is going to be, so that they may intelligently argue the case to the jury." *Ross v. United States,* 180 F.2d 160, 165 (6th Cir.1950).

The Supreme Court stated in *Hamling* that a strict approach to Fed.R.Crim.P. 30 "would be unduly mechanical" and inconsistent with the requirement that " '[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.' " *Id.* (quoting Fed. R.Crim.P. 52(a)). Hamling's conviction was upheld despite the failure to comply with Rule 30. *See id.* at 132, 135, 94 S.Ct. 2887.[2]

■ The Michigan Court of Appeals concluded on review of Petitioner's claim that he was not prejudiced by the trial court's procedural error. This conclusion was not an unreasonable application of Supreme Court precedent for the following reasons.

### 1. Defense Counsel did not Object in Timely Fashion or Ask to Supplement her Argument

Petitioner's attorney did not make a timely objection to the trial court's procedure. She agreed to give her closing argument before the parties met with the trial court to discuss the jury instructions. *See* Tr. Sept. 9, 1997, at 94–95. The trial court subsequently held a conference with the attorneys and granted the prosecutor's request to instruct the jury on third-degree CSC. *See* Tr. Sept. 10, 1997, at 2–3.

Defense counsel later objected to the jury instruction on third-degree CSC because she had not been able to argue to the jury that Petitioner was not guilty of that offense. She did not seek permission to make an additional closing argument. *See* Tr. Sept. 10, 1997, at 25–27. Because

there was no request to reopen summations for the purpose of permitting an argument on third-degree CSC, Petitioner cannot complain that he was deprived of the opportunity. *United States v. Welbeck,* 145 F.3d 493, 496 (2d Cir.1998); *United States v. Andrade,* 135 F.3d 104, 110 (1st Cir.1998) (agreeing with the defendant that "a refusal to permit further argument made necessary by a supplemental instruction could amount to error," but finding it "enough to say that no such request to make further closing argument after the supplemental instruction was made").

### 2. The Jury was Properly Instructed on the Element of Force or Coercion

The inclusion of the jury instruction on third-degree CSC involving force or coercion was not prejudicial in this case because force or coercion is an element of first-degree CSC.[3] Furthermore, the prosecutor stated in his opening remarks to the jury that the evidence would show that Petitioner used force to accomplish sexual penetration. *See* Tr. Sept. 8, 1997, at 17. Thus, a new theory of criminal liability was not presented when the trial court instructed the jury on third-degree CSC.

Defense counsel, nevertheless, complained to the trial court that she had been deprived of the opportunity to argue that offering the complainant something of value, like crack cocaine, in exchange for sex does not constitute coercion. *See* Tr. Sept. 8, 1997, at 25–26. The jury was informed

---

2. The provision of Rule 30 violated in *Hamling* was the requirement that, on request of any party, objections to jury instructions must be made outside the presence of the jury.

3. Petitioner was charged with first-degree CSC on the theory that he sexually penetrated a person, injured the person, and used *force*

or coercion to accomplish sexual penetration. *See* Mich.Comp.Laws Ann. § 750.520b(1)(f). A person may be found guilty of third-degree CSC if the person sexually penetrates another person and uses *force or coercion* to accomplish the sexual penetration. Mich.Comp. Laws Ann. § 750.520d(1)(b).

in the context of the instruction on first-degree CSC that

> [f]orce or coercion means that the defendant either used physical force or did something to make the complainant reasonably afraid of present or future danger.

> A definition of sufficient force. It is enough force if the defendant overcame the complainant by physical force. It is enough force if the defendant threatened to use physical force on the complainant and the complainant believed that the defendant has the ability to carry out those threats.

Tr. Sept. 10, 1997, at 13.

The jury could not have concluded rationally from these instructions that an offer of drugs for sex was physical force or a threat to inflict present or future danger. Therefore, the effectiveness of counsel's argument and overall defense was not impaired by the lack of information regarding the trial court's charge.

■ Petitioner contends that there was no evidence of force or coercion, but he appears to be confusing the element of "force or coercion" with the element of injury, which was required for a conviction of first-degree CSC. Moreover, the complainant testified that Petitioner approached her on the street, choked her, dragged her into a trailer, and then forced her to have sex with him. She also testified that Petitioner slapped her on the face and threatened to hurt her. *See* Tr. Sept. 8, 1997, at 25–33, 39, 43–44. The facts supported a jury instruction on third-degree CSC as a lesser-included offense of first-degree CSC.

### 3. *Petitioner was not Deprived of the Right to Defend*

Petitioner's right to present a defense was not violated by the jury instruction on third-degree CSC involving force or coercion because he maintained throughout the trial that the sexual activity was consensual. This defense was applicable to a charge of either first-degree or third-degree CSC. Petitioner had an opportunity to present that defense when he testified, *see* Tr. Sept. 9, 1997, at 71–94, and his attorney argued during her opening statement and closing remarks that the sexual acts were consensual, not forcible rape. *See* Tr. Sept. 8, 1997, at 19–23; Tr. Sept. 9, 1997, at 112–23. The untimely conference on jury instructions did not substantially mislead Petitioner in formulating or presenting his defense to the jury.

### 4. *The Lack of Notice did not Prejudice Petitioner*

■ Petitioner's argument that he was deprived of his right to notice on the third-degree CSC charge also lacks merit. Even a court's instruction on a lesser-included offense given *after* jurors have begun deliberating "is not *per se* illegal and will not justify reversal if the circumstances do not give rise to unfair prejudice." *Welbeck*, 145 F.3d at 497. There is no indication in this case that Petitioner was unfairly prejudiced by an instruction on third-degree CSC after defense counsel made her closing argument, but before the jurors began deliberating.

### III. *Conclusion*

The trial court's procedural error did not deprive Petitioner of a fair trial. Therefore, the state appellate court's conclusion that Petitioner was not prejudiced by the error was objectively reasonable, and Petitioner has no right to habeas relief. 28 U.S.C. § 2254(d).

### *JUDGMENT*

This matter having come before the Court on a Petition for the Writ of Habeas Corpus, United States District Judge Paul V. Gadola presiding, and in accordance

with the Memorandum Opinion and Order entered on 3/14/01,

IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED.**