12-4233-cr
United States v. Cartense Beckett

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                    *Circuit Judges.*

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                    *Appellee*,

             -v-                                        12-4233-cr

CARTENSE A. BECKETT, AKA ALPHONSO C. BECKETT,

                    *Defendant-Appellant*.

───────────────────────────────────────────────

Appearing for Appellant:     Jeremy Gutman, New York, N.Y.

Appearing for Appellee:      Harris M. Fischman, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, *on the brief*, Justin Anderson, Assistant United States Attorney, *of counsel*).

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and hereby are **AFFIRMED**.

Cartense Beckett appeals from an October 9, 2012 judgment of the United States District Court for the Southern District of New York (Pauley, *J.*) revoking his supervised release. The district court sentenced him to a further period of incarceration of ten months, followed by a further period of supervised release of nineteen months. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Beckett challenges the district court's decision to impose an additional term of supervised release following his ten-month sentence. He asserts that because the district court's determination contradicted the Probation Office's recommendation against any further supervised release, it was substantively unreasonable.

As an initial matter, because Beckett is challenging his sentence on a basis that he did not raise before the district court, we review his claim only for plain error. *United States v. Marcus*, 560 U.S. 258, 262 (2010) ("[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.") (internal quotation marks and citations omitted).

The district court's decision to impose a term of supervised release notwithstanding Probation's recommendation against supervised release is not substantively unreasonable. A district court is not bound to follow the recommendations of the Probation Office. *See, e.g.*, *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (affirming district court's determination that defendant was not eligible for a sentence reduction, notwithstanding Probation's post-sentencing recommendation); *United States v. Welbeck*, 145 F.3d 493, 498-99 (2d Cir. 1998) (Rejecting defendant's claim that the district court erred by failing to follow Probation's recommendation to depart downward, and noting that "In any event, the Probation Department's Report is 'only a recommendation' and does not bind the district court."). Thus, the district court's consideration of Probation's recommendation, but ultimate rejection of it, was not an error.

Beckett also contends that the district court's refusal to follow Probation's recommendation shows that the district court failed to consider "any reasoned basis under § 3553(a)(2)." Contrary to Beckett's contention, the transcript of the Revocation Hearing shows that the district court properly considered the factors listed in Section 3553(a)(2). In making its determination that Beckett should be sentenced to a further term of supervised release, the district court considered Probation's views, but also noted its opinion that another term of imprisonment, without more, was not enough because of a need to protect the public and provide Beckett with needed rehabilitative treatment. The district court reasoned:

2

quite honestly, I'm frightened to just give you another term of imprisonment and say it's all over and done with because there is only a sense that you might get there with Alcoholics Anonymous and addressing your addictions, and I really don't want you out there killing somebody because you can't control your own desires for alcohol or marijuana.

The district court's stated concerns, including Beckett's need for treatment, and the need to protect the public from any further crimes, are consistent with the factors enumerated in Section 3553(a)(2).

Appellant's second argument, that a term of supervised release is substantively unreasonable because his violations bear no relation to his crime of conviction, is similarly unavailing. 18 U.S.C. § 3583(h), which provides specifically for the imposition of a term of supervised release "following revocation," states that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court *may* include a requirement that the defendant be placed on a term of supervised release after imprisonment." (emphasis added). There is no requirement that a court consider whether there is a nexus between the underlying crime of conviction and the need for supervised release.

Here, although Beckett was initially convicted and sentenced under 18 U.S.C. § 922(g) for being a felon in possession of a firearm, his subsequent terms of imprisonment and supervised release all pertain to his struggles with abuse of drugs and alcohol. His PSR notes that his prior record "includes drug-related convictions," that he completed a thirteen-month residential drug treatment program in 1998, and that the Probation Office believed that "he is at risk for future drug use." As discussed above, based on the district court's oral ruling at the Revocation Hearing, it is clear that the district court properly considered the Section 3553(a)(2) factors in determining that a further term of supervised release was warranted, both for the public's safety and for Beckett's own health concerns. Such a decision was well within the court's discretion. *See also* USSG § 5D1.1 cmt. 3(C) ("In a case in which a defendant sentenced to imprisonment is an abuser of controlled substances or alcohol, it is highly recommended that a term of supervised release also be imposed."). Thus, for all of these reasons, the district court's imposition of the additional term of supervised release was not error, and we affirm.

We have considered Beckett's remaining arguments and find they are without merit. For the foregoing reasons, the orders of the district court are hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3