22-300
*United States v. Crocker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> RICHARD J. SULLIVAN
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                  No. 22-300

MALIK CROCKER

> *Defendant-Appellant.*\*

_____

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendant-Appellant:    Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, NJ.

For Appellee:    Camille Fletcher, Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Malik Crocker appeals from the district court's judgment imposing a sentence of thirty months' imprisonment, following his violations of a previously imposed term of supervised release. The violations arose from an altercation in which Crocker fired two gunshots at the driver of a vehicle on a public street in Queens, New York. On appeal, Crocker argues that his thirty-month term of imprisonment is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the reasonableness of a sentence for a violation of the terms of supervised release under a deferential abuse-of-discretion standard. *See United*

*States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where its decision cannot be located within the range of permissible decisions." *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (citation and alteration omitted). In other words, a substantively unreasonable sentence is one "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d. Cir. 2012) (internal quotation marks omitted).

In "determining an appropriate sentence for [a] violation of supervised release," a district court must "'consider' most of the factors listed in [18 U.S.C. §] 3553(a)," *United States v. Fleming*, 397 F.3d 95, 97, 99 (2d Cir. 2005) (quoting 18 U.S.C. § 3583(e)) (alterations omitted), but retains broad discretion to consider "other pertinent factors" as well, *United States v. Williams*, 443 F.3d 35, 47 (2d. Cir. 2006). In particular, "the critical subject under consideration at a revocation proceeding" is "the breach of trust manifested by the violation." *United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016) (internal quotation marks omitted). Assessing the severity of the breach of trust "necessarily requires consideration of the defendant's criminal history at the time the violation

3

occurred" and "the severity of the conduct constituting the violation." *United States v. Ramos*, 979 F.3d 994, 1001, 1003 (2d. Cir. 2020) (internal quotation marks omitted).

Applying this standard, we conclude that the thirty-month term of imprisonment imposed by the district court was neither substantively unreasonable nor an abuse of discretion. First, Crocker's violations manifested a serious breach of the court's trust. As the district court explained, Crocker "ha[d] been given two substantial breaks by the criminal justice system." App'x at 129. Crocker received a below-Guidelines sentence on his original conviction, as well as a one-year reduction in his supervised release for successful completion of the Re-Entry through Intensive Supervision and Employment ("RISE") program. Indeed, as the district court emphasized at sentencing, the RISE judges "went out of their way [for Crocker]. It is not everybody who gets admitted to the RISE court." *Id.* at 133. These two instances of leniency exacerbated the severity of Crocker's breach of trust. *See Ramos*, 979 F.3d at 1003 ("[T]he breach of trust reflected in a violation is exacerbated if the defendant received a lenient original sentence." (internal quotation marks and alterations omitted)).

Moreover, the conduct underlying Crocker's violation was "extraordinarily dangerous." App'x at 140. As the district court noted, "[Crocker] fire[d] two shots at [a] driver," and "he could have killed that person or perhaps even [a] woman who had been moved away from the car." *Id.* at 129. The seriousness of the violation was integral to the district court's conclusion that an above-Guidelines sentence was necessary to "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)–(C); *see* App'x at 130 ("[H]opefully he is being deterred. . . . [H]opefully others will be deterred. He also has to be isolated from society."). Given the seriousness of the violation, *see Ramos*, 979 F.3d at 1003, and the degree to which Crocker breached the court's trust, *see Edwards*, 834 F.3d at 194, the district court's sentence was substantively reasonable.

Crocker offers several arguments to the contrary, but they are unavailing. First, he contends that the district court's sentence was substantively unreasonable because it exceeded the advisory Guidelines range for a Grade B violation and thereby "blurred the distinction" between the Grade A violation that was not proven at the revocation hearing and the Grade B violations that *were* proven at the revocation hearing. Crocker Br. at 20. But the record reflects that the district

5

court was well aware of Crocker's violations and the applicable Guidelines. On several occasions, the district court took pains to clarify that its sentence pertained only to Crocker's three Grade B violations – not to the unproven specification for a Grade A violation. The fact that the sentence exceeded the Guidelines range is of no moment. We have consistently held that "the sentencing judge may freely impose a term lower or higher than the recommended Guidelines range" after starting with a "legally correct interpretation of the Guidelines." *Ramos*, 979 F.3d at 999 (citation omitted). The district court's imposition of an above-Guidelines sentence did not blur the distinction between violations; rather, the district court reasonably varied from the Guidelines given the extraordinarily dangerous nature of the violations and the serious breach of trust they constituted.

Second, Crocker challenges the district court's sentence on the ground that it exceeded the recommendation of the Probation Office. But we have repeatedly held that the Probation Office's sentencing recommendation is just that – "only a recommendation" – and "does not bind the district court." *United States v. Welbeck*, 145 F.3d 493, 498 (2d Cir. 1998) (citation omitted); *see also, e.g.*, *United States v. Avello-Alvarez*, 430 F.3d 543, 545 (2d Cir. 2005) (holding same); *United States v. Rivera*, 96 F.3d 41, 43 (2d Cir. 1996) (explaining that "the defendant has no

justifiable expectation that the [Probation Office's] recommendation will be followed"); *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (finding the sentence substantively reasonable when it was sixty-four months longer than the Probation Office's recommendation). As explained above, the district court had good reason to vary upward from the sentencing recommendation and reasonably exercised its discretion to do so.

Finally, Crocker asserts that the district court failed to adequately consider a variety of mitigating factors, such as his "accomplishments while on supervised release," the "support of [his] family and friends," and "the difficulties [he] encountered as a result of being incarcerated at the [Metropolitan Detention Center (the 'MDC') in] Brooklyn for almost eight months." Crocker Br. at 21–22. But the district court explicitly considered each of these factors. *See* App'x at 126 (noting that Crocker had "indeed[] successfully completed [the RISE] program"); *id.* at 127–28 (describing in detail the letters submitted by Crocker's family and friends); *id.* at 140 (acknowledging the conditions at the MDC and recommending that the Bureau of Prisons move Crocker to a "facility with more programming and exercise facilities available"). In any event, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the

7

discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Solis*, 18 F.4th 395, 405 (2d Cir. 2021) (citation omitted). Thus, we may not substitute our judgement for the district court's on how best to balance these mitigating factors. *See United States v. Halvern*, 26 F.4th 566, 569 (2d. Cir. 2022) ("Mere disagreement with how the district court balanced the [section] 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." (internal quotation marks omitted)).

In sum, the record indicates that the district court carefully and appropriately applied the applicable sentencing factors, *see Fleming*, 397 F.3d at 97 – most importantly, the "degree to which [Crocker's] violation represent[ed] a serious betrayal of the court's trust," *Verkhoglyad*, 516 F.3d at 136, and "the severity of the conduct constituting the violation," *Ramos*, 979 F.3d at 1003 – before imposing a sentence that it reasonably deemed to be "sufficient, but not greater than necessary, to [accomplish] the purposes of [sentencing]," 18 U.S.C. § 3553(a). We defer to that assessment and conclude that Crocker's sentence is not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d. Cir. 2009).

We have considered Crocker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court