24-562
*United States v. Watts*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 24-562

MICHAEL WATTS,

> *Defendant-Appellant.**

---

FOR APPELLEE: WHITMAN G.S. KNAPP, Jo Ann M. Navickas, Kaitlin T. Farrell, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: JOSEPH W. RYAN, JR., Melville, NY.

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On October 23, 2019, a jury convicted Defendant-Appellant Michael Watts of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349, 1343; securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff; conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1957(a); and three counts of money laundering, in violation of 18 U.S.C. § 1957(a).   The district court sentenced Watts to a term of imprisonment of one year and one day—approximately a 95% downward variance from the Guidelines range of 235 to 293 months**.**   On April 12, 2023, this Court concluded that the sentence was substantively unreasonable and remanded for resentencing. *Watts v. United States*, No. 21-2925, 2023 WL 2910634, at *6 (2d Cir. Apr. 12, 2023).   On March 8, 2024, the district court resentenced Watts to a term of 60 months' imprisonment.   Watts now argues on appeal that his sentence is substantively unreasonable because the Probation Office had recommended a sentence of time served in light of Watts's medical condition.   We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"The length of a sentence is outside the range of permissible decisions when affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."   *United States v. Mumuni Saleh*, 946 F.3d 97, 106–07 (2d Cir. 2019) (cleaned up).   Moreover, while a sentence outside the

2

advisory guidelines range is not presumptively unreasonable, "when a district court imposes a sentence outside the recommended range . . . it 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States v. Park*, 758 F.3d 193, 197 (2d Cir. 2014) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). "At the substantive stage of reasonableness review, an appellate court may consider whether a factor relied on by a sentencing court can bear the weight assigned to it." *Cavera*, 550 F.3d at 191. We generally review the reasonableness of a sentence for abuse of discretion. *See United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013).

Watts argues that his sentence is substantively unreasonable because the district court did not adopt the sentence recommended by the Probation Office. That argument is meritless. A Probation Office's presentence report "is merely a recommendation that does not bind a district court." *United States v. Avello-Alvarez*, 430 F.3d 543, 545 (2d Cir. 2005); *see also United States v. Rivera*, 96 F.3d 41, 43 (2d Cir. 1996) (explaining that the presentence report "is only a recommendation, and the defendant has no justifiable expectation that the recommendation will be followed"); *United States v. Welbeck*, 145 F.3d 493, 498–99 (2d Cir. 1998) (rejecting defendant's claim that the district court erred in not following the Probation Office's recommendation); *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (holding defendant's sentence substantively reasonable although it was sixty-four months longer than Probation's recommended sentence).

The district court's sentence is substantively reasonable because it falls well within the range of permissible sentencing decisions. In imposing its sentence, the district court considered the factors specified under 18 U.S.C. § 3553(a). The court described the seriousness of Watts's

3

offense and the need for just punishment. The court noted that Watts was "relatively sophisticated" and "made a criminal choice" despite his continued "claims of innocence." App'x at 64, 67. He acted in a "devious[,] subtle and smooth" manner to commit crimes that had "heart-wrenching" effects on his victims who were "forced to live under the worst conditions." *Id.* at 64-65. The court also highlighted the need to avoid unwarranted sentence disparities among similarly situated defendants, noting that some of Watts's co-conspirators who also suffered from serious medical conditions were sentenced to significant prison terms. *See id.* at 65-67.

Finally, the district court carefully considered Watts's health, making clear that it had "looked at all the paperwork supplied, the defendant's doctors' statements." App'x at 70. The court also reviewed the video footage indicating that Watts and his family were in significantly better shape than previously represented. *Id.* at 64. Moreover, the district court explained that although Probation did not have "adequate resources to arrange for a physical for the defendant to be examined," the Bureau of Prisons "said specifically that they could take care of Mr. Watts." *Id.* at 63. Ultimately, the district court imposed a sentence of 60 months' imprisonment—almost a 75% downward variance from Watts's Guidelines range of 235 to 293 months—stating specifically that the sentence "acknowledges . . . the medical conditions of the defendant." *Id.* at 70.

We see no indication in the record that the factors considered by the district court cannot bear the weight assigned to them. Nor is it the case that the sentence is "shockingly high," especially considering Watts's Guidelines range and the sentences of his co-defendants.

4

We have considered all of Watts's remaining arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court