**Enrique GARZA, Appellant,**

v.

**The State of Texas, Appellee.**

**No. 13–00–356–CR.**

Court of Appeals of Texas, Corpus Christi.

June 28, 2001.

Rehearing Overruled Sept. 13, 2001.

Thomas F. Greenwell, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Douglas Norman, Asst. Dist. Atty., Corpus Christi, for Appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

**OPINION**

HINOJOSA, Justice.

Appellant, Enrique Garza, was charged by indictment with one count of aggravated kidnapping. A jury found him guilty of the lesser included offense of kidnapping, and the trial court assessed his punishment at twelve years imprisonment and a $1,000 fine. In five issues, appellant contends: (1) the trial court erred in giving a supplemental charge to the jury, (2) he was impermissibly denied the right to testify in his own behalf, and (3) he received ineffective assistance of counsel. We reverse and remand.

## A. BACKGROUND

The victim, appellant's ex-girlfriend, testified that appellant forced her into her

truck at knife point, and held her against her will for several hours. Other eyewitnesses testified that appellant forced the victim into the truck, but could not conclusively say that appellant held a knife while doing so. Appellant drove the victim around for several hours; they stopped at appellant's step-sister's house, and at a convenience store. The victim testified that she did not ask for help or alert anyone at either place that she had been kidnapped because she was afraid appellant might become violent if she did. The truck was eventually stopped by police, and appellant was apprehended.

### B. THE SUPPLEMENTAL CHARGE

The trial court prepared a charge that included only the offense of aggravated kidnapping. Neither the State nor appellant objected to the charge. In his closing argument, appellant's counsel argued that no knife was used, and that the victim had not been taken and held without her consent. After deliberating for a little more than an hour, the jury sent out the following note:

> We have a hung jury, 9 guilty; 3 not guilty. The issue is not enough evidence that the defendant actually had the *knife* in his possession.

After the lunch recess, the judge proposed a supplemental charge that included a charge on the lesser included offense of kidnapping. The State had no objection, but appellant did.

| | |
|---|---|
| Appellant's Counsel: | Your Honor, the Defense does object to the supplemental Charge to the jury. We think that because this Charge has not been argued to the jury previously, and because of that and not having a chance to argue this to the jury that Mr. Garza's due process rights will probably be violated because of this. And taking it one step farther, the entire dynamic of the jury has been built around the Charge that's there now. This will, in essence, change the dynamic of the jury in mid-process and I think that will be very detrimental to Mr. Garza's due process rights within the trial, Your Honor. |
| The Court: | Did you hear me that I said that I would give you the opportunity to argue again after I deliver the supplemental Charge to the jury? |
| Appellant's Counsel: | No, Your Honor, I did not. |
| The Court: | Well, that's what I said. So you will have the opportunity to give additional argument to the jury, if you wish. |
| Appellant's Counsel: | Well, as part of our objection, Your Honor, our entire defense was built around the aggravated kidnapping charge and so we had not prepared any part of our defense for a lesser included. |
| The Court: | All right. The Court will overrule those objections. |

After additional argument by both sides, the supplemental charge was submitted to the jury. Four minutes later, the jury announced it had reached a verdict.

### 1. *Article 36.16*

In his second issue, appellant contends the trial court's submission of the supplemental charge violated article 36.16 of the code of criminal procedure.[1] The State argues that appellant's objection to the supplemental charge was not based on article 36.16. We agree.

Article 36.16 provides:

After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections

---

1. TEX. CODE. CRIM. PROC. ANN. art. 36.16 (Vernon 1981).

in the same manner as is prescribed in Article 36.15.

TEX. CODE CRIM. PROC. ANN. art. 36.16 (Vernon 1981). To preserve jury charge error, the defendant's objection must be specific and clear enough to apprise the trial court of the nature of the objection. TEX. CODE CRIM. PROC. art. 36.14; TEX. R. APP. P. 33.1(a)(1)(A); *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App.1985); *Williams v. State*, 930 S.W.2d 898, 902 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). If a specific objection to a charge is not raised at trial, it is not preserved for appeal. *Calicult v. State*, 503 S.W.2d 574, 576 n. 3 (Tex.Crim. App.1974); *Loving v. State*, 947 S.W.2d 615, 619 (Tex.App.—Austin 1997, no pet.); *Duc Vu v. State*, 750 S.W.2d 8, 9 (Tex. App.—Texarkana 1988, pet. ref'd).

After reviewing the record, we hold appellant did not object to the charge specifically on article 36.16 grounds. Therefore, appellant's second issue is overruled. However, because appellant has complained of jury charge error, our inquiry cannot end here.

### 2. *Unobjected–To Charge Error*

In his third issue, appellant contends the trial court's submission of the supplemental charge constitutes reversible charge error under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984).

■ It is well-settled that an appellant who complains on appeal of an unobjected-to, non-constitutional jury charge error will obtain a reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim.App.2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Appellant argues that, even though he did not object to the charge specifically on article 36.16 grounds, the submission of the sup-

plemental charge was error under that article, and its submission to the jury constitutes egregious error.

■ Egregious error must "go to the very basis of the case," deprive the accused of a "valuable right," or "vitally affect his defensive theory." *Almanza*, 686 S.W.2d at 172. Egregious error deprives the defendant of a fair and impartial trial. *Jimenez*, 32 S.W.3d at 235. In evaluating whether egregious harm has occurred, the appellate court should review the evidence presented at trial, along with "any other part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused." *Id.* at 174.

■ We conclude the submission of the supplemental charge was error under article 36.16. None of the prerequisites of the article was met in this case; the jury did not request further instructions, and there had been neither improper argument nor any new testimony adduced after the original charge was given. We further conclude that the erroneous submission of the lesser included offense of kidnapping, after the jury had begun to deliberate, egregiously harmed appellant by depriving him of a valuable right—his right to representation by counsel.

Appellant's trial counsel could have requested the inclusion of a charge on kidnapping, but he made a tactical decision not to do so. In his closing argument, counsel stressed that the victim had not been taken without her consent, and that a knife was not used. The jury's note clearly shows that the jury was hung on the issue of whether appellant used a knife in the offense. The trial court's decision to supplement the charge with the kidnapping charge effectively overrode the professional judgment of appellant's counsel that there was not enough evidence to convict appellant on the aggravated kid-

napping charge and that the jury would have to acquit him. *See Murray v. State,* 857 S.W.2d 806, 811 (Tex.App.—Fort Worth 1993, pet. ref'd) (supplemental charge adding a definition of "in the course of theft" to include an attempt to flee violated appellant's right to counsel).

 Furthermore, the supplemental charge vitally affected a defensive theory. In his first closing argument, appellant's counsel pursued two theories: (1) that appellant and the victim were merely engaged in a lover's quarrel and the victim was not taken without her consent, and (2) that appellant did not use a knife. To convict appellant of aggravated kidnapping, the jury was required to disbelieve both of appellant's defensive theories; to convict appellant of kidnapping, the jury was required to disbelieve only the first theory—that the victim consented to going with appellant. As one court has noted:

> When the judge gave the [supplemental] parties instruction, it must have seemed to the jury as if he was answering defense counsel's argument with a written rebuttal. From then on, it was as if counsel's opponent was not the prosecutor, but the judge. That denied appellant a fair trial.

*Moore v. State,* 848 S.W.2d 920, 923 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (holding a supplemental charge adding a charge on the law of parties denied appellant a fair trial). We conclude the opportunity to "re-close" did not cure this defect. We hold the trial court's supplementation of the charge to add a kidnapping charge after deliberation had begun and the jurors had announced they were deadlocked on the issue of whether a knife was used constitutes egregious error.

We sustain appellant's third issue. We need not address appellant's remaining issues because our decision on this issue is dispositive of the case. *See* TEX. R. APP. P. 47.1.

The judgment of the trial court is reversed, and the case is remanded for a new trial.