IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,       )
                            )       2 CA-CR 2007-0368
                Appellee,   )       DEPARTMENT A
                            )
        v.                  )       O P I N I O N
                            )
ROBERT WILLIAM HARLOW,      )
                            )
                Appellant.  )
                            )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20063961

Honorable Richard Nichols, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Robert A. Walsh                    Phoenix
                                              Attorneys for Appellee

Harriette P. Levitt                                          Tucson
                                             Attorney for Appellant

P E L A N D E R, Chief Judge.

**¶1**        After a jury trial, Robert Harlow was acquitted of second-degree burglary but

convicted of the lesser included offense of first-degree criminal trespass.  On appeal, he

contends the trial court erred by amending the verdict form to allow the jury, shortly after it had retired to deliberate, to consider an interrogatory on whether the trespass offense had been sexually motivated. Finding no error, we affirm.

**Background**

¶2 In October 2006, Harlow was charged with second-degree burglary for an offense that had been committed in January 2000. The victim testified at trial that she had awoken in the middle of the night and discovered that someone had entered her apartment and taken her purse. In a guest bedroom, police officers found a pair of the victim's underwear next to a used condom with Harlow's semen on it. And in an alley behind the victim's apartment, they found several cigarettes containing his deoxyribonucleic acid (DNA).

¶3 At the close of evidence, the court initially submitted to the jury a single form of verdict that included second-degree burglary and the lesser included offense of criminal trespass. The court explained to the jurors that they were to address the question of whether Harlow had committed criminal trespass only if they found Harlow not guilty of second-degree burglary or if they were unable to reach a unanimous verdict on that charge. The verdict form instructed that if the jury found Harlow guilty of the burglary charge, it was required to answer the question whether "the offense was committed for the purpose of sexual gratification." That portion of the verdict form that pertained to the lesser included offense of criminal trespass did not include such an interrogatory. The trial court asked the

2

parties whether they had any additions or corrections to the form of verdict. Both the prosecutor and defense counsel responded they had none.

¶4  Shortly after the jury had retired to deliberate, the prosecutor stated she had forgotten to request the "sexual motivation" interrogatory on the verdict form for the lesser included offense of criminal trespass. Over Harlow's objection that it was too late to modify the verdict form because "the jury's out," the trial court brought the jurors back into the courtroom, briefly reinstructed them, and provided them with a revised verdict form, which included the same interrogatory regarding sexual motivation for both the greater and lesser offenses. The jury found Harlow guilty of criminal trespass and found the crime had been committed for sexual gratification.

## Discussion

¶5  On appeal, Harlow argues the trial court erred in modifying the verdict form after the jury had retired to deliberate. He contends this court must, therefore, vacate the portion of the judgment of conviction that reflects he had committed the offense with a sexual motivation, pursuant to A.R.S. § 13-118, and the trial court's resulting order requiring him to register as a sex offender in accordance with A.R.S. § 13-3821(C). We review for an abuse of discretion the trial court's granting of the prosecutor's request to revise the verdict form after the jury had retired to deliberate. *Cf. State v. Ramirez*, 178 Ariz. 116, 126, 871 P.2d 237, 247 (1994) ("The decision to further instruct a jury [after it has retired to deliberate] on a matter . . . is within the trial court's discretion."); *State v. Fernandez*, 216

Ariz. 545, ¶¶ 16-17, 169 P.3d 641, 647-48 (App. 2007) (no error in trial court's "allowing additional closing argument" on issue of premeditation to help resolve "jury confusion," inasmuch as "trial court has discretion in responding to questions to assist the jury in performing its function").

**¶6** Relying primarily on federal civil cases,[1] Harlow argues that "a party waives its right to demand submission of a special verdict question on an issue, unless it objects to the failure to submit the question <u>before</u> the jury retires." We agree with the state, however, that those decisions are inapposite because they "were uniformly governed by Federal Rules of Civil Procedure 49(a)(3) and 51, neither of which is applicable to *criminal prosecutions* in *Arizona*." And, as the state also points out, "no Arizona constitutional provision, criminal statute, rule of criminal procedure, or judicial opinion prohibits trial judges from correcting unnoticed omissions or errors in verdict forms while the jury is still deliberating."

**¶7** Although some of Arizona's criminal procedure rules relate to forms of verdict, none supports Harlow's position or otherwise precludes the action the trial court took here. Rule 21.3(c), Ariz. R. Crim. P., provides that a party may not "assign as error on appeal the court's . . . submission or the failure to submit a form of verdict unless the party objects

---

[1]*See Jarvis v. Ford Motor Co.*, 283 F.3d 33, 57 (2d Cir. 2002); *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 891 (9th Cir. 1991); *Morris v. Flaig*, 511 F. Supp. 2d 282, 307 n.16 (E.D.N.Y. 2007); *see also Miller v. Hernandez*, 520 N.W.2d 266, 269-72 (S.D. 1994). Although Harlow also cites *Savignac v. Buchanan*, 999 F.2d 544, 1993 WL 265132 (9th Cir. July 16, 1993), we do not consider it because it is unpublished and may not, therefore, be cited in Arizona as having precedential authority. *See Burke v. Ariz. State Ret. Sys.*, 206 Ariz. 269, n.6, 77 P.3d 444, 448 n.6 (App. 2003).

4

thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of his or her objection." That rule does not apply here, however, because the state did not assign any error on appeal relating to the form of verdict or anything else. Nor does Rule 23, Ariz. R. Crim. P., relating to verdicts in criminal cases, prohibit trial courts from taking immediate action, either sua sponte or, as here, on a party's request, to correct an erroneous form of verdict even after the jury has retired to deliberate.

¶8 Moreover, § 13-118(A) permits the state to "file a special allegation of sexual motivation if sufficient admissible evidence exists that would justify a finding of sexual motivation by a reasonable and objective finder of fact." Pursuant to that statute, when Harlow was indicted, the state specifically alleged that he had committed the offense "for the purpose of sexual gratification." Before jury selection, the trial court and the parties briefly discussed the state's sexual-motivation allegation and essentially agreed that issue would "simply [be] handled by an interrogatory" on the verdict form and that the court would address that topic during jury selection, which it then did. On this record, we agree with the state that Harlow "not only had notice of the State's sexual-motivation allegation since the return of his indictment, but also knew from the parties' discussion preceding jury selection that the State had asked for verdict forms that included a special interrogatory on sexual gratification."

¶9 In addition, when, as here, the state has properly filed "a special allegation of sexual motivation," § 13-118(B) requires the trier of fact to "find a special verdict as to

5

whether the defendant committed the offense with a sexual motivation." The trial court's immediate, remedial action in revising the verdict form at the state's request complied with that statutory mandate. And, contrary to Harlow's assertion, the court's action did not "giv[e] the prosecutor an unfair advantage after [she] had waived her request for a special interrogatory."

¶10 The fact that the jury already had retired to deliberate when the prosecutor first noticed the omission and called the matter to the trial court's attention did not preclude the court from taking the corrective action it did. "[T]rial judges have 'inherent power and discretion to adopt special, individualized procedures designed to promote the ends of justice in each case that comes before them' as long as such procedures are not inconsistent with statutory or constitutional provisions or other rules of the court." *Fernandez*, 216 Ariz. 545, ¶ 16, 169 P.3d at 647, *quoting Hedlund v. Sheldon*, 173 Ariz. 143, 146, 840 P.2d 1008, 1011 (1992); *see also* Ariz. Const. art. VI, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."); *cf.* Ariz. R. Crim. P. 22.3 (trial court may respond to jury inquiries during deliberations by "recall[ing jurors] to the courtroom" and giving additional instructions or having testimony read); *State v. Govan*, 154 Ariz. 611, 612-14, 744 P.2d 712, 713-15 (App. 1987) (no error in trial court's mid-deliberations revision of defective self-defense instruction after prosecutor alerted court to error or in court's recalling jurors to courtroom for amended instruction, even after jury announced it already had reached verdict).

6

¶11 Other courts have ruled that a trial judge may correct mistakes in the verdict form after the jury has retired to deliberate, without being barred from doing so by waiver principles. *See, e.g.*, *State v. Gibbs*, 730 N.E.2d 1027, 1032-33 (Ohio Ct. App. 1999) (upholding trial court's mid-deliberations correction of verdict form that mistakenly reflected wrong criminal charge, where court reconvened jurors to read supplemental instructions curing mistake); *Clayton v. State*, 840 P.2d 18, 33-34 (Okla. Crim. App. 1992) (upholding trial court's decision to submit correct verdict form to jury for consideration in sentencing phase of capital murder trial after jury noticed first verdict form listed incorrect aggravating circumstances). In accordance with those authorities and for the reasons stated above, we find no abuse of discretion in the trial court's correction of the verdict form here.

**Disposition**

¶12 Harlow's conviction and sentence are affirmed.

_____
JOHN PELANDER, Chief Judge

CONCURRING:

_____
JOSEPH W. HOWARD, Presiding Judge

_____
J. WILLIAM BRAMMER, JR., Judge

7