IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Appellee,*

*v.*

ESLYN ADRIAN VILLA,
*Appellant.*

No. 2 CA-CR 2013-0442
Filed October 14, 2014

———————————————

Appeal from the Superior Court in Pinal County
No. S1100CR201202164
The Honorable Jason R. Holmberg, Judge

**AFFIRMED**

———————————————

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Amy M. Thorson, Assistant Attorney General, Tucson
*Counsel for Appellee*

Heard Law Firm, Mesa
By James L. Heard
*Counsel for Appellant*

## OPINION

Judge Howard authored the opinion of the Court, in which Judge Vásquez and Judge Brammer[1] concurred.

_____

H O W A R D, Judge:

**¶1** Eslyn Villa was convicted of possession of a dangerous drug for sale and conspiracy following a jury trial. On appeal, he argues the trial court abused its discretion by instructing the jury on a lesser-included offense while the jury was deliberating and that doing so denied his constitutional rights to an effective closing argument. Because we find no error, we affirm.

## Factual and Procedural Background

**¶2** In September 2012, Villa drove a vehicle containing methamphetamine and the drug then was sold to an undercover police officer. Villa initially was charged with transportation of a dangerous drug for sale and conspiracy to transport a dangerous drug for sale. The trial court instructed the jury accordingly, including possession of a dangerous drug as a lesser-included offense of transportation of a dangerous drug for sale. During jury deliberations, the court also instructed the jury on possession of a dangerous drug for sale as another lesser-included offense. Villa was convicted of the conspiracy charge and possession of a dangerous drug for sale. He was sentenced to concurrent prison terms, the longer of which is twelve years. We have jurisdiction over his appeal pursuant to A.R.S. §§ 12-120.21(A)(1) and 13-4033(A)(1).

_____

[1]The Hon. J. William Brammer, Jr., a retired judge of this court, is called back to active duty to serve on this case pursuant to orders of this court and the supreme court.

**Introduction of New Lesser-Included Offense During
Deliberations**

**¶3**         Villa first argues the trial court erred by instructing the jury on the lesser-included offense of possession of a dangerous drug for sale after the jury had begun deliberations.[2] We review a trial court's decision to give a requested jury instruction for an abuse of discretion. *State v. Dann*, 220 Ariz. 351, ¶ 51, 207 P.3d 604, 616-17 (2009).

**¶4**         Before closing arguments, as relevant here, the jury was instructed on transportation of a dangerous drug for sale, conspiracy to transport a dangerous drug for sale, and possession of a dangerous drug as a lesser-included offense. During deliberations, the jury asked "[i]f Villa is found not guilty of Transportation of Dangerous Drug for Sale, but found guilty of Possession of Dangerous Drug, can he still be found guilty of Conspiracy also?" The parties agreed that the jury could do so.

**¶5**         The state then requested that the trial court also instruct the jury on possession of a dangerous drug for sale. The court granted the state's request over Villa's objection and instructed the jury on the new lesser-included offense. It told the jury it had "neglected" to provide the other lesser-included offense instruction originally and therefore had brought them back to provide the additional instructions. It also told the jury to consider the transportation charge first and, if it acquitted Villa or was unable to decide on that charge, it should consider the possession for sale charge and, if it acquitted Villa or was unable to decide on that charge, it then should consider possession of a dangerous drug. The jury ultimately found Villa guilty of possession of a dangerous drug for sale.

---

[2]The parties do not dispute that the evidence could have supported a conviction of possession of a dangerous drug for sale. It was therefore a necessarily included offense. *State v. Wall,* 212 Ariz. 1, ¶ 14, 126 P.3d 148, 150 (2006).

¶6    The state asserts that Rule 22.3, Ariz. R. Crim. P., permitted the trial court to give the additional instruction. Rule 22.3 allows a trial court to "give appropriate additional instructions" after the jury has begun deliberations. That rule, however, and the cases relying on it, do not address the issue here: whether the court may add an entirely new lesser-included offense instruction during jury deliberations and after the jury asks a question indicating it might not convict of the greater offense. *See, e.g., State v. Harlow*, 219 Ariz. 511, ¶¶ 4-11, 200 P.3d 1008, 1009-11 (App. 2008) (no error in adding special interrogatory during deliberations); *State v. Walker*, 185 Ariz. 228, 242-43, 914 P.2d 1320, 1334-35 (App. 1995) (no error to instruct jury on definition of element of offense during deliberations), *superseded by statute on other grounds as recognized by State v. Ofstedahl*, 208 Ariz. 406, ¶ 5, 93 P.3d 1122, 1123-24 (App. 2004); *State v. Govan*, 154 Ariz. 611, 613, 744 P.2d 712, 714 (App. 1987) (correcting erroneous self-defense instruction during deliberations not error).

¶7    No Arizona case has addressed the issue of whether a court may add a new lesser-included offense instruction for the jury's consideration under these circumstances. We therefore turn to case law from other jurisdictions to resolve the issue. *See State v. Emerson*, 171 Ariz. 569, 571, 832 P.2d 222, 224 (App. 1992) (where issue undecided in Arizona, courts "may look to [other] jurisdictions for guidance on [the] issue").

¶8    Among the courts that have addressed the issue presented here, nearly all "have expressed some concern with this procedure." *State v. Thurmond*, 677 N.W.2d 655, ¶ 14 (Wis. Ct. App. 2004); *see also, e.g., United States v. Welbeck*, 145 F.3d 493, 498 (2d Cir. 1998); *Rush v. State*, 395 S.W.2d 3, 7-8 (Ark. 1965); *People v. Carron*, 44 Cal. Rptr. 2d 328, 333 (Ct. App. 1995); *People v. Jennings*, 99 Cal. Rptr. 739, 741 (Ct. App. 1972); *People v. Stouter*, 75 P. 780, 781 (Cal. 1904); *State v. LaPierre*, 754 A.2d 978, ¶ 21 (Me. 2000); *State v. Amos*, 553 S.W.2d 700, 703, 706 (Mo. 1977); *State v. Jones*, 518 A.2d 496, 499 (N.J. Super. Ct. App. Div. 1986); *Garza v. State*, 55 S.W.3d 74, 77-78 (Tex. Ct. App. 2001); *State v. Anderson*, 185 S.E. 212, 213-14 (W. Va. 1936). We agree with the view stated in *LaPierre* that "[a] reinstruction presenting for the first time choices for lesser-included offenses not

presented in the initial instructions, if proper at all, would be a rare event, only done in exceptional circumstances." 754 A.2d 978, ¶ 21.

¶9 In examining these cases, "[t]he weight of state authority holds that 'it would not be appropriate to adopt a per se rule which would declare the belated giving of any [lesser-included offense] instruction to be prejudicial error.'" *Welbeck*, 145 F.3d at 496-97, *quoting Amos*, 553 S.W.2d at 705 (alteration in *Welbeck*); *but see People v. Gramc*, 647 N.E.2d 1052, 1056 (Ill. App. Ct. 1995) (if "fundamental justice requires" giving lesser-included offense instructions for first time during deliberations, "better to declare a mistrial"), *abrogated on other grounds by People v. Garcia*, 721 N.E.2d 574 (Ill. 1999); *Miller v. State*, 392 S.E.2d 334, 336 (Ga. Ct. App. 1990) (trial court has right sua sponte to provide instructions on lesser-included offense for first time to deliberating jury). Rather, the propriety of such a procedure is dependent upon "the facts and circumstances of each trial" and whether the defendant would be unfairly prejudiced. *Welbeck*, 145 F.3d at 497.

¶10 In many of the cases reversing convictions where lesser-included offenses were provided first during jury deliberations, the new instruction was prompted when the jury sought further instructions or advice from the trial court after announcing it was either stalled or deadlocked. *See Rush*, 395 S.W.2d at 6-7; *Jennings*, 99 Cal. Rptr. at 740-41; *Stouter*, 75 P. at 780-81; *Amos*, 553 S.W.2d at 704; *Jones*, 518 A.2d at 497-98; *Garza*, 55 S.W.3d at 76; *Anderson*, 185 S.E. at 213-14; *Thurmond*, 677 N.W.2d 655, ¶¶ 6-8. Courts have found a significant risk of prejudice in this situation.

¶11 For example, in *Thurmond*, the jury initially was instructed that the defendant was charged with first-degree sexual assault and attempted armed robbery. *Id.* ¶ 7. During deliberations, the jury requested instructions on lesser-included offenses, which the trial court initially rebuffed. *Id.* ¶ 8. The jury later informed the court it was deadlocked and "needed a new way to deliberate." *Id.* ¶¶ 6, 21. The state moved to instruct the jury on lesser-included offenses and, after fourteen hours of deliberations, the court agreed and instructed the jury on the new lesser-included offenses. *Id.* ¶¶ 7-8. Less than two hours after receiving this new instruction,

the jury convicted the defendant of one of those lesser-included offenses. *Id.* ¶ 9.

¶12 In reversing the conviction, the Wisconsin Court of Appeals first noted that the jury reasonably could have seen the trial court's "change of heart" on providing the lesser-included instructions "'as the court's recommendation to resolve the impasse by agreeing to the lesser offense.'" *Id.* ¶ 19, *quoting Welbeck*, 145 F.3d at 497. Additionally, the relative speed with which the jury returned the guilty verdict suggested the jury "may have been driven more by [its] desire to be released from its duty than its having reached a fair decision." *Id.* ¶ 20. The jury's note that it "needed a new way to deliberate" was particularly concerning and suggested that the verdict was used as a "way of ending their deadlock rather than reaching a unanimous decision." *Id.* ¶ 21. Consequently, the court found the instruction improper and the defendant entitled to a new trial. *Id.* ¶ 26.

¶13 Similarly, in *Jones*, the defendant was charged with three offenses, and the trial court did not instruct the jury initially on any lesser-included offenses. 518 A.2d at 497. The jury spent over a day deliberating before announcing it had come to a verdict on one of the charges, but was deadlocked on the other two. *Id.* at 497-98. Shortly after that announcement, the court sua sponte instructed the jury on a lesser-included offense of one of the two charges causing difficulty. *Id.* at 498. Thirty minutes later the jury returned a guilty verdict on that lesser-included offense. *Id.* On appeal, the court reversed the conviction and observed that offering "a deadlocked or apparently deadlocked jury with a theretofore uncharged lesser-included offense is unduly and unfairly coercive." *Id.* at 499.

¶14 In *Stouter*, the jury initially was tasked with deciding whether the defendant was guilty of one specific charge. 75 P. at 780. It deliberated for twenty-four hours before requesting further instructions. *Id.* The dialogue between the trial court and the jury made clear that the jury was unable to agree the alleged crime had been committed in the manner alleged in the information. *Id.* at 780-81. The trial court then, for the first time, instructed the jury on attempt as a lesser-included offense. *Id.* at 781. The jury retired and

returned a guilty verdict on the newly provided attempt charge. *Id.* On appeal, the court observed that:

> There is no doubt of the general rule that after a jury have retired for consultation they may be called into court for further instructions; but we think that it was erroneous and unfair to defendant to give the last instruction as to the attempt, at the time and under the circumstances at and under which it was given. . . . The project of instructing the jury for the first time, after they had been unable to agree for 24 hours, that they might, notwithstanding the former instructions, convict the defendant of the attempt, was clearly an afterthought suggested by the statements of the jurors as to how they then stood, and apparently intended to help them, not generally to arrive at a verdict, but to arrive at some sort of a verdict of guilty. Such a proceeding is, we think, a most dangerous interference with the right of a defendant to a fair trial. . . . Moreover, the jury might very well have considered the last instruction as an intimation of the desire of the court that the defendant be convicted of some offense. Jurors exhausted by a long confinement, and naturally desirous of being released, are not in a suitable frame of mind to thoroughly consider an entirely new phase of the case under a new instruction which might fairly be construed as an expression of the court hostile to the defendant.

*Id.* Consequently, the court reversed the defendant's conviction and remanded for a new trial. *Id.* at 782.

¶15    Another common concern is that "the defendant has somehow been harmed by his reasonable expectation that he faces exposure to liability only for the greater offense charged." *Welbeck*, 145 F.3d at 497. This often occurs "where the supplemental instruction deprives the defendant of the opportunity to address effectively in summation the offense on which he is ultimately convicted." *Id.*; *see also United States v. Gaskins*, 849 F.2d 454, 459-60 (9th Cir. 1988); *Rollins v. State*, 757 P.2d 601, 602 (Alaska Ct. App. 1988); *Garza*, 55 S.W.3d at 77-78; *People v. Millsap*, 724 N.E.2d 942, 947-48 (Ill. 2000); *People v. Richards*, 413 N.Y.S.2d 698, 699 (App. Div. 1979); *Thurmond*, 677 N.W.2d 655, ¶¶ 24-25; *but see Cheely v. State*, 850 P.2d 653, 663 (Alaska Ct. App. 1993) (no "detrimental reliance" where state did not explicitly disavow "theft by receiving" theory and theory encompassed by general instruction on theft).

¶16    In *Garza*, for example, the defendant was charged with aggravated kidnapping after the state alleged he forced the victim into her truck at knifepoint and held her there for several hours. 55 S.W.3d at 75-76. During closing arguments, the defendant "stressed that the victim had not been taken without her consent, and that a knife was not used." *Id.* at 77. After retiring to deliberate, the jury sent a note to the trial court stating it was "hung" because there was "not enough evidence that the defendant actually had the knife in his possession." *Id.* at 76. Over the defendant's objections, the court sua sponte instructed the jury on the lesser-included offense of kidnapping, which did not require the use of a knife. *Id.* at 76-77. The defendant also objected to the court's offer to provide supplemental closing argument because his "entire defense was built around the aggravated kidnapping charge and so [he] had not prepared any part of [his] defense for a lesser included." *Id.* at 76. The court overruled the objection and the parties provided additional argument. *Id.* The jury then received the new instruction and, just four minutes later, returned a guilty verdict on the kidnapping charge. *Id.*

¶17    In reversing the conviction, the *Garza* court found that instructing the jury on kidnapping "vitally affected a defensive theory." *Id.* at 78. "The jury's note clearly shows that the jury was hung on the issue of whether appellant used a knife in the offense.

The trial court's decision to supplement the charge with the kidnapping charge effectively overrode the professional judgment of appellant's counsel that there was not enough evidence to convict appellant on the aggravated kidnapping charge and that the jury would have to acquit him." *Id.* at 77-78. Under those circumstances, "the opportunity to 're-close' did not cure [the] defect." *Id.* at 78.

¶18          In sum, courts have reversed convictions when lesser-included offense instructions were given during deliberations

> when it appeared likely that the jury saw the belated instructions as a court recommendation to convict; when the timing of the instructions makes the new instruction appear overly significant, upsetting the orderly process of the trial and upsetting the defendant's right to a fair trial; when the defendant's presentation of his case is harmed; and when circumstances suggest the verdict was driven by a stalled jury's desire to disband rather than complete a fair assessment of the evidence.

*Thurmond*, 677 N.W.2d 655, ¶ 17. Although the addition of a new lesser-included charge during jury deliberations "is dangerous and will often cause reversible error, it is not per se illegal and will not justify reversal if the circumstances do not give rise to unfair prejudice." *Welbeck*, 145 F.3d at 497.

¶19          Notably, although many courts have reversed convictions when a lesser-included offense was submitted to the jury for the first time during deliberations, a few courts have affirmed such convictions. *See Welbeck*, 145 F.3d at 497-98; *Miller*, 392 S.E.2d at 336; *Cheely*, 850 P.2d at 663. In *Welbeck*, the defendant was charged with possession of cocaine with the intent to distribute. 145 F.3d at 495. The jury sent two notes to the trial court, stating it was "stuck on 'distribution,'" and asking if there was a lesser charge upon which they could convict the defendant. *Id.* at 495-96. The court then instructed the jury on the lesser-included offense of

simple possession. *Id.* at 496. Although the defendant objected, he did not request additional closing arguments. *Id.* Fifteen minutes later, the jury convicted the defendant of simple possession. *Id.* The Second Circuit Court of Appeals concluded the defendant was not unfairly prejudiced. *Id.* at 497. The court found that because the jury supplied the initiative for the supplemental instruction, "the possibility that the timing of the charge was unfairly suggestive" was precluded. *Id.* at 497. And the court could find no other evidence in the record suggesting the defendant was unfairly prejudiced. *Id.*

¶20 Under the circumstances here, Villa has not shown he was unfairly prejudiced by the trial court's actions. Unlike many of the cases cited above, nothing suggested the jury was stalled or deadlocked when it sent its note to the court. The jury had been deliberating for a few hours and the note only requested a clarification of the instructions. It therefore does not appear this was a "stalled jury" which "regard[ed] the newly furnished theory of liability as the court's recommendation to resolve the impasse by agreeing to the lesser offense." *See Welbeck*, 145 F.3d at 497.

¶21 Additionally, after receiving the new instructions, the jury retired for the night, and deliberated the following day into the afternoon. Rather than a speedy turnaround suggesting the jury "may have been driven more by [its] desire to be released from its duty than its having reached a fair decision," *Thurmond*, 677 N.W.2d 655, ¶ 20, the jury here appears to have deliberated carefully over the new lesser-included offense. Additionally, the court told the jury it had neglected to give the instruction earlier, so the new instruction did not appear to be a response to the jury's question or deliberations. *See Govan*, 154 Ariz. at 613, 744 P.2d at 714 (not error to re-instruct jury after error in instructions found). Under these circumstances, the court's decision to provide the lesser-included instruction was not "essentially coercive or . . . persuasive." *See Amos*, 553 S.W.2d at 704.

¶22 Finally, Villa's defense was that he only had been "driv[ing] a friend and driv[ing] in the friend's car," and that he did not know the vehicle contained drugs or that his friend was involved in a drug deal. Adding the possession of a dangerous drug

for sale charge did not add any new elements to the state's case that Villa had not yet been able to address. *See* A.R.S. § 13-3407(A)(1), (2) and (7). Villa's defense therefore applied equally to all the charges ultimately presented to the jury, including possession of a dangerous drug for sale.

**¶23** At oral argument, Villa suggested he might have argued the case differently had he known he would face the lesser-included instruction on possession of a dangerous drug for sale. But he was unable to provide any specific examples of how he would have done so and instead merely reiterated his general speculation. Moreover, the trial court did, in fact, offer Villa the chance to provide additional closing argument on the new charge, but Villa expressly declined. This supports our conclusion that Villa's defense was not compromised by instructing the jury on possession of a dangerous drug for sale. *See Cheely*, 850 P.2d at 663; *see also, e.g., Thurmond*, 677 N.W.2d 655, ¶ 24; *Garza*, 55 S.W.3d at 78. Having reviewed the record, we find the facts and circumstances do not establish that Villa's right to a fair trial was jeopardized by the trial court's actions. *See Welbeck*, 145 F.3d at 497; *see also Thurmond*, 677 N.W.2d 655, ¶ 17.

**¶24** Rule 22.3 allows the court to "give appropriate additional instructions" after deliberations have begun. Rule 23.3, Ariz. R. Crim. P., requires the trial court to submit forms of verdict to the jury "for all offenses necessarily included in the offense charged." *See State v. Gipson*, 229 Ariz. 484, ¶¶ 14, 17, 277 P.3d 189, 191-92 (2012) (not error for court to instruct on lesser-included offenses supported by evidence over party's objection). Therefore, although "[w]e will carefully scrutinize a conviction of a lesser-included offense first charged to a deliberating jury without notice to the defendant prior to summation," *Welbeck*, 145 F.3d at 497, under these particular facts we conclude Villa was not unfairly prejudiced and the court did not abuse its discretion in granting the state's request. *Dann*, 220 Ariz. 351, ¶ 51, 207 P.3d at 616-17.

### Right to Effective Closing Argument

**¶25** Villa next argues he was denied his constitutional due process rights because he could not re-argue to the jury after it

received the instruction on possession of a dangerous drug for sale. The invited error doctrine, however, bars a defendant from raising an issue on appeal if he "affirmatively and independently initiated the error" below. *State v. Lucero*, 223 Ariz. 129, ¶ 31, 220 P.3d 249, 258 (App. 2009).

**¶26**     During the discussion regarding instructing the jury on possession of a dangerous drug for sale as a lesser-included offense, the trial court suggested it would reopen the case for additional arguments if either party requested it. Villa responded by stating that "if [the court is] going to add [possession of a dangerous drug for sale], nobody gets to say anything else." Villa therefore "affirmatively and independently initiated" any possible error and we reject his claim as invited error. *See id.*

## Disposition

**¶27**     For the foregoing reasons, we affirm Villa's convictions and sentences.