NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EMANUEL LINCOLN RIGSDALE SPRIGGS, *Appellant.*

No. 1 CA-CR 19-0008
1 CA-CR 19-0010
FILED 1-9-2020

Appeal from the Superior Court in Maricopa County
No. CR2016-002354-001
No. CR2016-119757-001
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Poster Law Firm PLLC, Glendale
By Rick D. Poster
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge David D. Weinzweig and Judge David B. Gass joined.

---

**H O W E**, Judge:

**¶1** This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Emanuel Spriggs has advised this Court that he has found no arguable questions of law and asks us to search the record for fundamental error. Spriggs was convicted of two counts of promoting prison contraband, a class 2 felony. Spriggs was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Spriggs's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2** We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Spriggs. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In February 2016, Spriggs was arrested and transported to the Maricopa County Jail. A detention officer searched Spriggs inside the jail and found a clear plastic bag that had fallen from Spriggs's waistband, which Spriggs said he found in the jail. The bag contained a green leafy substance and a second bag with a crystal-like substance. The City of Mesa crime laboratory tested the substances and confirmed them to be marijuana and methamphetamine. The State charged Spriggs with two counts of promoting prison contraband and, after a three-day jury trial, Spriggs was found guilty on both counts.

**¶3** The trial court found that the State had proved that Spriggs had four prior felony convictions, making him a category three repetitive offender. The trial court conducted the sentencing hearing in compliance with Spriggs's constitutional rights and Arizona Rule of Criminal Procedure 26. The trial court considered Spriggs's mental health, physical health, upbringing, and his substance abuse as mitigating factors. Spriggs was sentenced to concurrent terms of 15.75 years' imprisonment on each charge with 732 days' presentence incarceration credit.

## DISCUSSION

¶4	We review Spriggs's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Spriggs has advised this Court that after a diligent search of the entire record, he has found no arguable question of law.

¶5	One issue, however, merits consideration. Spriggs, who represented himself with advisory counsel, stated in closing argument, "I have a voice that needs to be heard. I didn't provide a testimony because my voice was in my questions." The prosecutor responded in the State's rebuttal argument that "[W]hat the attorneys say . . . is not evidence. What he says in his closing argument is not evidence. Evidence means words that come out of people's mouths when they sit in that chair. He did not sit in that chair. What he says is not evidence and your instructions tell you that." Spriggs objected, claiming that the State improperly commented on his failure to testify.

¶6	Generally, "a prosecutor is prohibited from directly or indirectly drawing the jury's attention to the fact a defendant did not testify." *State v. Christensen*, 129 Ariz. 32, 38 (1981). A prosecutor's statements must be examined in the context in which they were made. *Id.* at 39. Normally, a comment by a prosecutor that the defendant failed to testify constitutes fundamental error unless the error is invited. *State v. Arredondo*, 111 Ariz. 141, 144 (1974).

¶7	The prosecutor's comment does not warrant vacating Spriggs's convictions or sentences because Spriggs invited any error. The invited error doctrine bars a defendant from raising an issue on appeal if he affirmatively and independently initiated the error below. *State v. Villa*, 236 Ariz. 63, 69 ¶ 25 (App. 2014). The prosecutor's comment in the State's rebuttal argument was the product of invited error because Spriggs initiated the error by commenting on his own failure to testify. *See Arredondo*, 111 Ariz. at 144 (noting that references to a defendant's failure to testify cannot be charged to the state when they are first made by the defense).

¶8	If an error is invited, we do not consider whether the error is fundamental. *State v. Logan*, 200 Ariz. 564, 565 ¶ 9 (2001). Even so, the prosecutor's comment does not constitute fundamental error either because Spriggs did not suffer any prejudice, as he brought up his own failure to testify. *See State v. Henderson*, 210 Ariz. 561, 567 ¶ 20 (2005) (noting that fundamental error requires a defendant to prove not only that an error was fundamental but that the error caused him prejudice).

¶9 We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Spriggs at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Spriggs's convictions and sentences.

¶10 Upon the filing of this decision, defense counsel shall inform Spriggs of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Spriggs shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶11 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA